IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>  Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, a/k/a GE CAPITAL FINANCIAL, INC., a/k/a GE CONSUMER FINANCE, a/k/a GE MONEY, a/k/a GE CORPORATE PAYMENT SERVICES, a/k/a GECF, a New York corporation doing business in Utah.<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW AND REVERSAL OF TAXATION FOR COSTS<br><br><br><br>Case No. 2:10-CV-202 TS |

This matter is before the Court on Plaintiff Kenneth L. Gray's Motion for Review and Reversal of Taxation for Costs.[1]  Plaintiff asks the Court to reverse the Clerk of the Court's judgment allowing taxation of $513.60 as costs against Plaintiff.

---

[1]Docket No. 81.

1

I.  BACKGROUND

Mr. Gray filed suit against Defendant General Electric Company ("GE") over an employment dispute.  As a condition of employment, Mr. Gray had agreed to resolve any employment dispute through binding arbitration.

Defendant moved for summary judgment, and the Court granted the motion.[2]  The Clerk of the Court then allowed a recovery of costs amounting to $513.60 against Mr. Gray.  Mr. Gray has moved the Court to set aside the taxation of costs because the arbitration agreement he signed required that both parties pay their own costs.

II.  DISCUSSION

Under 28 U.S.C. § 1920 and Fed. R. Civ. Pro. 54(d)(1), the clerk of the court can tax various costs associated with litigation against the losing party.  Under DUCiv R 54-2, the losing party can move the Court to review the taxation of costs by filing a motion within seven days of the entry of the clerk's action on the docket, which Mr. Gray did.

In his Motion, Mr. Gray relies on the following contract language to assert that GE is unable to recover costs against him:

> Except for a $50 initiation fee that must be paid by the employee, the Company will pay for all administrative fees associated with arbitration.  The employee and the Company will pay their own experts' and/or attorneys' fees.  If the arbitrator decides in favor of the employee, the arbitrator may require the Company to pay the employee's attorneys' fees and costs, if applicable law permits.[3]

---

[2]Docket No. 73.

[3]Docket No 81, at 2.

2

The Court finds that this language is unambiguous and clearly restricts the parties' agreement to fees and costs associated with arbitration. Litigation is a mode of dispute resolution that is distinct from arbitration. Thus, "administrative fees associated with arbitration" cannot be read to include fees associated with litigation. The Court will not read into the contract a separate agreement to pay litigation fees.

Absent this purported contractual restriction, the Clerk of the Court is permitted to tax permissible costs against Mr. Gray. The Clerk permitted copying fees for exhibits submitted with Defendants' summary judgment motion and filing fees in the taxation of costs. Under 28 U.S.C. § 1920(4), costs associated with document reproduction are taxable if the documents reproduced are "necessarily obtained for use in the case." The Tenth Circuit has held that costs incurred in reproducing exhibits for summary judgment are necessarily obtained for use in the case where the exhibits are relevant and are relied on by the Court in its consideration of the issue.[4] Because these exhibits were attached to Defendant's motion for summary judgment, and because the Court relied upon these exhibits in rendering its decision, the Court finds that the documents were necessarily obtained for use in the case, and that the costs of reproducing the documents are taxable to Plaintiff. Under § 1920(1), a party is also entitled to recover fees of the Clerk of Court associated with litigation. Accordingly, the Court finds that the Clerk of the Court's taxation of costs was appropriate.

---

[4] *Mikel v. Kerr*, 499 F.2d 1178, 1182-83 (10th Cir. 1974).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Review and Reversal of Taxation for Costs (Docket No. 81) is DENIED.

DATED   October 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge